## J. J. WALLACE V. THE CITY OF DALLAS.

IN SUPREME COURT, TYLER TERM, 1884.

*Municipal Corporation—Damages,*—In the exercise of the power to grade its streets and to provide drainage or sewerage, a municipal corporation does not become liable for the damages caused by the overflow of surface water.

*Contributory Negligence.*—The doctrine of contributory negligence applied in this case.

Error from Dallas.

### STATEMENT.

Plaintiff in error brought this suit against defendant in error to recover damages for alleged injuries to his lot and store-house thereon, situated in the city of Dallas, by reason of the action of the city council having caused the grade of the street in front of his property to be raised, and also by reason of having caused to be filled up a natural outlet or channel for the flow of water, which channel was adjacent to plaintiff's lot, and causing to be constructed in place thereof an insufficient sewer or outlet for the flow of the water which formerly had found its passage through the said natural channel,— the result of these changes being, that in November 1883, on the occasion of a heavy rainfall, plaintiff's lot and store house were overflowed with water, and he was thereby damaged, as alleged, in the sum of $1500.

Defendant answered by general demurrer, general denial and special pleas. A trial upon the merits before a jury resulted in a verdict and judgment thereon for the defendent.

From an examination of the statement of facts, we believe the following to be the case as made by the preponderance of evidence.

1. Plaintiff owned a lot upon which was situated a store-house

within the corporate limits of the city of Dallas, and which store-house was at the time of the alleged injury occupied and used for the business of merchandising by tenants of plaintiff under a lease for one year, at the price of $40 per month rent.

2. By action of the city council of Dallas, the grade of the street upon which this lot abutted, was ordered to be raised. Also, a natural ditch or gully which was adjacent to the lot, and which conveyed away water, which, without said ditch or gully, would have flowed upon said lot, was ordered by the council to be filled up, and another ditch or sewer was ordered to be constructed in its stead; and these orders of the city authorities were executed.

3. When the street was graded, the grade was higher in front of plaintiff's house than the floor of said house—at least twelve inches higher.

4. The new ditch was not as large as the old one and was not straight, but had an angle in it, and did not have as much capacity for carrying off the water from the lands which it drained as did the old ditch.

5. On November 4, 1873, a very heavy rain fell in Dallas, and this new ditch was insufficient to carry off the water from the grounds which it drained, the consequence being that the water backed up upon plaintiff's lot and overflowed his store-house and caused him to sustain damage.

6. Plaintiff's store-house would not have been overflowed, and he would not have sustained damage, if he had raised said house to the grade of the street.

7. The old ditch or gully, only carried off surface or rain-water. At the head of this ditch or gully were two springs, the water from which flowed through it for a little distance, but was absorbed in some swampy ground, before it reached plaintiff's premises.

### OPINION

Our conclusions of the law, as applicable to the foregoing statement of the case, are as follows :

1. The city of Dallas through its corporate authorities unquestionably had the power to raise the grade of the street. (2 Dillon on Corp., 689 *et seq.*)

2. It likewise had the power to establish and change a

system of drainage for the city, so as to carry off the surface water which might accumulate within the city limits. (2 Dillon on Corp., 578 n.)

3. If the officers of the city, who were charged with the duty of grading the street, and constructing the new ditch or sewer, performed their duty unskillfully or negligently, they, and not the city, would be liable for injuries caused by such unskillful or negligent construction. (Keller v. Corpus Christi, 50 Texas, 614; Navasota v. Pearce, 46 Texas, 525.)

4. In exercising the lawful powers of causing the street grade to be raised, and a new channel to be constructed for draining the surface water, the city did not become liable for the consequential damages caused by surface water to plaintiff's premises. (2 Dillon on Corp., p. 1040.)

5. The doctrine of contributory negligence on the part of plaintiff applies in this as in other cases when the action is for damages caused by negligence. In this case plaintiff contributed to the injury sustained by him, by not raising his house to a level with the street, which, if he had done, would have prevented the damage for which he seeks a recovery. (2 Dillon on Corp., p. 1926; Thompson on Negligence, pp. 1146–1148.

We find the charge of the court in all respects in accordance with the view we have taken of the law of the case. We are of the opinion that the verdict of the jury is correct, and that no error has been committed for which the judgment should be reversed, and we therefore recommend the judgment be affirmed.

Watts, J.

Report of commissioners of appeals examined, their *conclusions* adopted, and the judgment affirmed.

Willie, C. J.